**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BROADCAST MUSIC, INC., et al.** | ) | **CASE NO.  5:13CV1768** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE DAVID D. DOWD** |
| | ) | **Magistrate Judge George J. Limbert** |
| **v.** | ) | |
| | ) | |
| **PUB ACQUISITION, LLC d/b/a** | ) | **AMENDED REPORT AND** |
| | ) | **RECOMMENDATION OF** |
| **MUG'S BREW PUB & SPORTS GRILL,** | ) | **MAGISTRATE JUDGE** |
| **et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

        This matter is before the undersigned upon referral from Judge Dowd for general pretrial supervision which includes the issuance of a Report and Recommendation as to the Motion for Default Judgment filed by Plaintiffs Broadcast Music, Inc., ("BMI"), Concord Music Group, doing business as Jondora Music, Crudup Music, Unichappel Music, Inc., Painted Desert Music Corporation, Sony/ATV Songs LLC, Corey Fowler, Cahron Childs, Chanti Glee, Ebony Star-West, doing business as Runway Star Music Publishing, Warner-Tamerlane Publishing Corp., and Peppermint Stripe Music ("Plaintiffs") against Defendants Pub Acquisition, LLC doing business as Mug's Brew Pub & Sports Grill and Vincent A. Fazio, Jr. ("Defendants") on April 3, 2014.  ECF Dkt. #12.  As of the date of this Report and Recommendation, no response brief has been filed. For the following reasons, the undersigned recommends that the Court GRANT Plaintiffs' Motion for Default Judgment.  ECF Dkt. #12.

**I.        FACTS AND PROCEDURAL HISTORY**

Plaintiffs filed the instant complaint in this case on August 13, 2013.  ECF Dkt. #1.  In compliance with Rule 4(c) of the Federal Rules of Civil Procedure, Defendants were served with copies of the Summons and Complaint on August 20, 2013.  ECF Dkt. #s 5, 6.  Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, Defendants were required to file and serve their Answers no later than September 10, 2013.  To date, no responsive pleadings have been filed or served by Defendants.  On December 12, 2013, Plaintiff filed an Application to Clerk for Entry of Default against Defendants and on December 16, 2013, the Clerk filed an Entry of Default against Defendants.  ECF Dkt. #s 8, 9.

On April 3, 2014, Plaintiffs filed the instant Motion for Default Judgment.  ECF Dkt. #12. In its brief in support of that Motion, Plaintiffs assert that BMI is a "performing rights society" that licenses the right to publicly perform a repertoire of 7.5 million copyrighted musical compositions works on behalf of the copyright owners of these works. ECF Dkt. #12-1 at 1, citing 17 U.S.C. §101. Plaintiffs further assert that the other plaintiffs in this case are the copyright owners of the individual compositions that are the subject of this lawsuit from whom BMI has acquired the non-exclusive public performance rights. ECF Dkt #12-1 at 1-2, citing ECF Dkt. #12-2, Declaration of Hope M. Lloyd,  Assistant Vice President, Legal Affairs ("Lloyd Declaration").  BMI then grants 'blanket license agreements" which provide music users such as broadcasters and the owners and operators of concert halls, restaurants, nightclubs and hotels, the right to publicly perform any of the works in BMI's Repertoire.  Lloyd Declaration.

Plaintiffs further explain that BMI is a non-profit-making music performing rights organization which distributes all of its income collected from the license fees, minus operating expenses and reasonable reserves, to its affiliated songwriters and music publishers, including

2

Plaintiffs in the instant.  ECF Dkt. #12-1 at 2, citing Lloyd Declaration.  Plaintiffs explain that they have granted BMI the right to pursue and maintain actions for infringement of the public performance rights in their musical compositions and to seek damages for such infringements.  *Id.*

Plaintiffs further assert in their Motion for Default Judgment that Defendants own and operate Pub Acquisition, LLC doing business as Mug's Brew Pub & Sports Grill at a specified address in Kent, Ohio which regularly features performances of live and recorded music.  ECF Dkt. #12-1 at 2, citing Declaration of Lawrence E. Stevens, Assistant Vice President for BMI Licensing ("Stevens Declaration").  Between January 10, 2005 and June 17, 2013, Mr. Stevens declares that BMI repeatedly informed Defendants of the need to obtain permission for public performances of copyrighted music and to cease and desist the public performance of BMI-licensed music.  Stevens Declaration.  BMI further indicates that neither it nor any of the other owners of the copyrights had issued a license to Defendants or any person representing Defendants.  *Id.* Mr. Stevens further declared that BMI sent its licensing personnel to Mug's Brew Pub & Sports Grill twice and telephoned the establishment twenty-four times and spoke to persons at the establishment on numerous of these occasions.  *Id.*  Despite these attempts, Mr. Stevens states that Defendants failed to enter into a license agreement with BMI and continued to offer unauthorized public performance of BMI-licensed music.  Stevens Declaration.

Audio recordings were made of copyrighted songs performed at Mug's Brew Pub & Sports Grill on February 18, 2012 and June 15, 2013.  ECF Dkt. #12-3, citing ECF Dkt. #s 12-3, 12-4.  The Certified Infringement Reports indicate that approximately 100 patrons were present at Mug's Brew Pub & Sports Grill on February 18, 2012 and 30 patrons were present on June 15, 2013, with the establishment having an estimated maximum occupancy of 175-200.  ECF Dkt. #12-4 at 1, 12.

Plaintiffs' Complaint seeks an injunction, statutory damages, the costs of this action, and reasonable attorneys' fees for copyright infringement. More specifically, Plaintiffs move this Court for entry of default judgment ordering that:

(a)     Defendants Pub Acquisition, LLC d/b/a Mug's Brew Pub & Sports Grill and Vincent A. Fazio, Jr., their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. §502;

(b)     Defendants, Pub Acquisition, LLC d/b/a Mug's Brew Pub & Sports Grill and Vincent A. Fazio, Jr. pay statutory damages in the amount of Twenty-Four Thousand Dollars ($24,000), which represents an award of Four Thousand Dollars ($4,000) for each of the six (6) acts of infringement, pursuant to 17 U.S.C. §504(c);

(c)     Defendants Pub Acquisition, LLC d/b/a Mug's Brew Pub & Sports Grill, pay Plaintiffs' costs, including reasonable attorneys' fees in the amount of $3,300.00, pursuant to 17 U.S.C. §505; and

(d)     Defendants Pub Acquisition, LLC d/b/a Mug's Brew Pub & Sports Grill and Vincent A. Fazio, Jr. pay interest on the awards pursuant to 28 U.S.C. §1961.

ECF Dkt. #1.

## II.     STANDARD OF REVIEW

Applications for default judgment are governed by Fed.R.Civ.P. 55(b)(2). Following the clerk's entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09–cv–0298, 2010 WL 3341566, at *1 (E.D.Cal. Aug.23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319, 1323 (7th Cir.1983) (further citations omitted)).  The plaintiff bears the burden of establishing damages.  *HICA Educational Loan Corp. v. Jones*, No. 4:12CV962, 2012 WL 3579690, at *1 (N.D.

4

Ohio Aug. 16, 2012), unpublished, citing *Flynn v. People's Choice Home Loans, Inc.*, 440 Fed. Appx. 452, 457 (6th Cir. 2011), citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). In other words, while liability may be shown by well-pleaded allegations, "[t]he district court must ... conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07–14004, 2010 WL 2572713, at *5 (E.D.Mich. Jun.23, 2010). To ascertain an uncertain sum of damages, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 Fed. Appx. 351, 354–55 (6th Cir.2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA*, 2012 WL 3579690, at *1. Further, the court may rely on affidavits submitted on the issue of damages. *See Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.*, No. CIV A 206–CV–487, 2007 WL 152130, at *2 (S.D.Ohio Jan.16, 2007); *see also LaFarge North America Inc. v. Wells Group, Inc.*, No. 4:08–cv–95, 2009 WL 2601854, at *4 (E.D.Tenn.Aug.24, 2009); *Frazier v. Absolute Collection Serv., Inc.*, 767 F.Supp.2d 1354, 2011 WL 529997, at *5 (N.D.Ga. Feb.3, 2011) (stating that certain courts note "that an evidentiary hearing is not necessary where the moving party has provided supporting affidavits as to the issue of damages").

### III.   ANALYSIS

#### A.   Injunctive Relief

Plaintiffs first request that the Court enjoin and restrain Defendants, their respective agents, servants, employees, and all persons acting under their permission and authority from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. §502. "[A] 'showing of past infringement and a substantial likelihood of future infringement' justifies

5

issuance of a permanent injunction.' " *Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470, 492 (6th Cir.2007) (citing Melville B. Nimmer & David Nimmer, Nimmer on Copyright 5 14.06[B] (2007)). In fact, " '[w]hen a copyright plaintiff has established a threat of continuing infringement, he is entitled to an injunction.' " *Id.*

Here, the requirement of past infringement is satisfied. Further, in light of Defendants' acts of ignoring Plaintiffs' numerous attempts to inform Defendants of the necessity of obtain licensing in order to publicly perform copyrighted works and ignoring BMI's requests to cease and desist the public performance of music licensed by BMI, the undersigned recommends that the Court find that there is a substantial likelihood of future infringement. Accordingly, the undersigned recommends that the Court grant Plaintiffs' motion for injunctive relief.

###### B. Statutory Damages

"[A]n infringer of copyright is liable for either – (1) the copyright owner's actual damages and any additional profits of the infringer ... or (2) statutory damages[.]" 17 U.S.C. §504(a). Here, Plaintiffs seek statutory damages under 17 U.S.C. §504(c)(1), which provides:

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.

Plaintiffs seek statutory damages in the amount of $4,000.00 for each of the six claims of infringement, totaling $24,000.00. ECF Dkt. #12-1 at 5. When determining the proper amount of statutory damages within the range set forth in § 504(c), courts look to: (1) whether Defendants' infringement was willful, knowing, or innocent; (2) Defendants' profit from infringement; (3) Plaintiffs' loss from infringement; and (4) deterring future violations by Defendants and similarly

6

situated entities." *Broadcast Music, Inc. v. H.S.I., Inc.*, No. 2:06–cv–482, 2007 WL 4207901, at *6 (S.D.Ohio Nov.26, 2007) (citing *Sailor Music v. IML Corp.*, 867 F.Supp. 565, 570 (E.D.Mich.1994); *Boz Scaggs Music v. KND Corp.*, 491 F.Supp. 908, 914 (D.Conn.1980)).

With regard to the willfulness of the infringement, the evidence presented establishes that BMI contacted Defendants on numerous occasions informing them of the requirements of a license and ordering Defendants to cease and desist playing copyrighted music without a license. In light of this evidence, the undersigned recommends that the Court find that Defendants' infringement was willful. *See H.S.I.*, 2007 WL 4207901 at *5. With regard to profits and losses associated with the infringements, Plaintiffs have shown $5,528.00 in lost licensing fees had Defendants entered into a licensing agreement with BMI the first time that BMI contacted Defendants, in addition to $1,440.00 for the current annual license. Stevens Declaration. While Mr. Stevens, in his declaration, refers to this amount as "estimated," the undersigned recommends that the Court conclude that Plaintiffs sufficiently set forth the appropriate figure of Defendants' costs savings and Plaintiffs' loss. As one court stated, even where the amount of licensing fees "is an approximation," such figure can be "a sufficient indicator that Defendants recognized significant savings as a consequence of their infringement, and, conversely, that Plaintiffs suffered a revenue loss." *Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.,* 555 F.Supp.2d 537, 545 (E.D.Pa.2008).

No hearing is necessary here in order to fix the appropriate award of statutory damages despite the fact that Plaintiffs seek to impose $4,000.00 per infringement, an award above the minimum statutory amount (though far below the maximum). The record before the Court, including affidavits and documentary evidence provided by Plaintiffs, is more than sufficient to make the

7

determination of statutory damages. *Broadcast Music, Inc. v. Pub Dayton, LLC*, 3:11CV58, 2011 WL 2118228, *11 (S.D.Ohio).

Typically, "in the narrow class of cases dealing with willful, unauthorized, musical performances in public establishments, the damage awards range from two times the licensing fee to five times the licensing fee." *Broadcast Music, Inc. v. DeGallo*, 872 F.Supp. 167, 169 (D.N.J.1995).  In fact, cases within this Circuit have recognized that the method of awarding statutory damages based "on some multiple of unpaid fees is more appropriate than measuring damages by the number of infringements." *H.S.I.*, 2007 WL 4207901 at *6 (citations omitted) (awarding "statutory damages of three times the unpaid fees"); *Gnat Booty Music v. Creative Catering of Wadhams, LLC*, 761 F.Supp.2d 604 (E.D.Mich.2011) (awarding approximately three times the total cost of licensing fees after stating that "courts have routinely ordered damages well in excess of-and typically approximately three times – the amount the defendant would have paid if it had properly obtained a license"); *Sailor Music v. IML Corp.*, 867 F.Supp. 565, 570 (E.D.Mich.1994) (awarding approximately "three times" the license cost after accepting the contention that "courts typically award three times the amount of a properly purchased license for each infringement").

The reasoning behind such a *de facto* treble damages award "is to put defendants 'on notice that it costs less to obey the copyright laws than to violate them.' " *Sailor Music*, 867 F.Supp. at 570 n. 7 (citing *Music City Music v. Alfa Foods, Ltd.*, 616 F.Supp. 1001, 1003 (E.D.Va.1985)); see also *Gnat Booty Music*, 2011 WL 43427 at *3. Here, in light Defendants' willful infringements, evidenced by the fact that Defendants ignored Plaintiffs' repeated efforts to inform Defendants of their need to obtain licensing in order to publicly perform copyrighted works, the undersigned

8

recommends that the Court find that Plaintiffs' request for statutory damages in the amount of $4,000.00 for each of six infringements is appropriate and warranted. Accordingly, the undersigned recommends that Plaintiffs are entitled to recover from Defendants $4,000.00 in statutory damages for each infringement, for a total of $24,000.00 in statutory damages.

### C.    Attorney Fees and Costs

Finally, Plaintiffs seek attorney fees and costs in the total amount of $3,300.00. ECF Dkt. #s 12-1, 12-6.  Pursuant to 17 U.S.C. §505, in copyright infringement cases, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof and may also award a reasonable attorney's fee to the prevailing party as part of the costs."

17 U.S.C. § 505.

In determining whether to award attorney fees, the Sixth Circuit instructs the Court to consider a "series of factors" including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Zomba Enterprises, Inc. v. Panorama Records, Inc.*, 491 F.3d 574 (6th Cir.2007) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)). The Sixth Circuit also holds that "[t]he grant of fees and costs 'is the rule rather than the exception and [they] should be awarded routinely.' " *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 592 (6th Cir.2008) (citations omitted).

Here, in light of Defendants' willful infringements, the undersigned recommends that the Court find that Plaintiffs are entitled to attorney's fees and costs pursuant to §505. Plaintiffs have evidenced, via the affidavit of counsel, reasonable attorney's fees in the amount of $2,900.00 and

costs in the amount of $400.00.  Accordingly, the undersigned recommends that the Court grant

Plaintiffs' motion with regard to attorney fees and costs in the total amount of $ 3, 300.00.

## IV.    CONCLUSION AND RECOMMENDATION

For the above reasons, the undersigned recommends that the Court grant Plaintiff's Motion

for Default Judgment against Defendants Pub Acquisition, LLC d/b/a Mug's Brew Pub & Sports

Grill and Vincent A. Fazio, Jr. (ECF Dkt. #12) and

> (A)    enjoin and restrain Defendants Pub Acquisition, LLC d/b/a Mug's Brew Pub & Sports Grill and Vincent A. Fazio, Jr., their agents, servants, employees, and all persons acting under their permission and authority, from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. §502;

> (B)    order Defendants, Pub Acquisition, LLC d/b/a Mug's Brew Pub & Sports Grill and Vincent A. Fazio, Jr. to pay statutory damages in the amount of Twenty-Four Thousand Dollars ($24,000), which represents an award of Four Thousand Dollars ($4,000) for each of the six (6) acts of infringement, pursuant to 17 U.S.C. §504(c);

> (C)    order Defendants Pub Acquisition, LLC d/b/a Mug's Brew Pub & Sports Grill and Vincent A. Fazio, Jr. to pay Plaintiffs' attorney fees and costs, in the amount of $3,300.00, pursuant to 17 U.S.C. §505; and

> (D)    order Defendants Pub Acquisition, LLC d/b/a Mug's Brew Pub & Sports Grill and Vincent A. Fazio, Jr. to pay interest on the awards pursuant to 28 U.S.C. §1961.

DATE: April 24, 2014                                   */s/George J. Limbert*
                                                       GEORGE J. LIMBERT
                                                       UNITED STATES MAGISTRATE JUDGE

Any OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).